# F. H. DEXTER

*v.*

# MIGUEL ARZUAGA.

San Juan, Law, No. 507.

Where plaintiff in ejectment recovered two tracts of land and $4,000 for their wrongful detention, it is proper for the court, on motion for a new trial, under penalty of having the new trial granted for failure to do so, to require plaintiff to disclaim as to one of the tracts of land and the proper portion of the damages, when the proofs, on re-examination, are found to be insufficient to warrant recovery of such tract and the corresponding damages.

Memorandum filed March 23d, 1909.

*Mr. C. Coll y Cuchi,* attorney for plaintiff.

*Messrs. A. Sarmiento, T. D. Mott, Jr.,* and *John G. Ewing,* attorneys for the defendant.

RODEY, Judge, filed the following memorandum:

This cause is before us on a motion for a new trial. It is a suit in ejectment for about 152 cuerdas of land situated out near Barceloneta, Porto Rico. It was tried before a jury during the last days of November, 1908, and they rendered a

verdict for the plaintiffs for all of the land sued for and for $4,000 damages for the wrongful detention thereof.

We have been over the lengthy brief filed in support of the motion for a new trial, and have examined all the exhibits that were introduced. In addition we have just read every word of the somewhat conflicting and extensive testimony, as transcribed from the stenegrapher's notes.

While we have every fact in the case and the law is cited well in mind, still we have not the time at this writing to go into details in setting out the reasons for the conclusion we have arrived at.

We are satisfied that, on the whole, injustice was done during the trial to the defendant, and that plaintiff's proofs did not warrant the recovery of the 51-cuerda tract, its identity not having been sufficiently established by plaintiff's own proofs.

The plaintiffs recovered 100 cuerdas of land which is "porción B" of the tract sued for, and which adjoins their own land, according to the map, exhibit "H" for plaintiffs. We think that, on the proofs, this was all they were entitled to, with proper damages for its wrongful detention.

The jury returned damages in the sum of $4,000; and, of course, it is impossible to say just how much of that damage they intended for the wrongful detention of this "porción B" and how much for the wrongful detention of the 51 cuerdas. So we will give the defendant the benefit of the doubt. On the whole case we feel that plaintiffs ought to recover "porción B" with damages for the wrongful detention thereof, and that their proofs sustain them in that right. Therefore, we will not set the verdict aside absolutely, but will make an alternative order as follows:

That unless plaintiffs shall, within forty days, file a disclaimer for all of the 51-cuerda tract and a remittitur for one half of the damages which they have recovered, a new trial will be granted. In case such disclaimer and remittitur are filed, then proper corrections of the judgment and registry entries will be made in accordance therewith. Let such an order be entered.